UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

-----------------------------------------------------------------X

CRAIG EKELI,

                                       Civil No:

                Plaintiff,        **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

   -against-                   **DEMAND FOR JURY TRIAL**

CAPITAL ONE BANK (USA), N.A.

                            Defendant.

-----------------------------------------------------------------X

Plaintiff CRAIG EKELI, ("Plaintiff"), by and through his undersigned attorneys brings this Complaint against the Defendant CAPITAL ONE BANK (USA), N.A. (hereinafter referred to as "Defendant" or "Cap One"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.  Plaintiffs brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2.  The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent.  Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."

*Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

3. Even if prior consent was given, a consumer has a right to revoke that consent. *See, Gager v. Dell Financial Services, LLC*, 727 F.3d 265 (3rd Cir. 2013).

4. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9).  Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

5. Plaintiff is a natural person who resides in Citrus County, Florida.

6. Defendant is a national bank with its headquarters located at 1680 Capital One Financial Corp Drive, Mclean, Virginia 22102.

## JURISDICTION AND VENUE

7.  The Court has jurisdiction over this matter pursuant to 28 USC §1331.

8.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

9.  Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling Plaintiffs cellular telephone phone number of (352) 586-0891 on dozens of occasions.

11. Defendant called from multiple numbers including but not limited to, 800-955-6600.

12. Plaintiff is the customary and sole user of the cellular phone number ending in 0891, and has been the customary and sole user of that phone number at all times relevant hereto.

13. Plaintiff on multiple occasions told the Defendant to stop his cellular telephone, including on or around December of 2017.

14. The Federal Communications Commission ("FCC") in a declaratory ruling released on July 10, 2015 confirmed the long standing principal that "consumers may revoke consent at any time and through any reasonable means." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, et al.* , CG Docket No. 02-278, WC Docket No. 07-135, Declaratory Ruling and Order, 30 FCC Rcd

7961 ¶ 56 (2015); *id.*¶ 70.

15. The FCC's declaratory ruling was in line with the Third Circuit's holding in *Gager v. Dell Financial Services, LLC* , 727 F.3d 265 (3d Cir. 2013), which held that express consent may be revoked under the TCPA. *Id.* at 267.

16. The *Gager* decision was not only adopted by the FCC, the government body charged with enforcing the TCPA, but also by a considerable amount of courts around the country including the Eleventh Circuit. See *Osorio v. State Farm Bank, FSB*, 746 F.3d at1252 (11th Cir. 2014)(*quoting Gager*, 727 F.3d at 270) ("'in light of the TCPA's purpose, any silence in the statute as to the right of revocation should be construed in favor of consumers.")

17. By notifying the Defendant over the phone to stop calling, Plaintiff revoked any previous consent he gave the Defendant to call his cellular telephone with an automatic telephone dialing system or pre-recorded message in a reasonable manner.

18. Despite Plaintiff's requests for the calls to stop, Defendant continued to call Plaintiff's cellular telephone with an automated telephone dialing system and with pre-recorded messages.

19. The calls included leaving voicemails daily on Plaintiff's cellular phone from around January 12, 2018 through February 13, 2018.

20. Upon information and belief, the purpose of the calls was in an attempt to collect a consumer debt.

21. Defendant's use of an automated telephone dialing system was indicated by the fact that no customer service representative was on the line immediately when the

Plaintiff would answer the Defendant's calls and because the consistency of the phone calls.

22. By placing auto-dialed phone calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

23. Plaintiff suffered actual damages because the Defendant's calls to their cell phone deprived him of the use of his cellular phone during the times that the Defendant was calling their cellular phones, depleted battery life of the cellular telephone, and by invading on the Plaintiffs' right to privacy and seclusion (the very harm that Congress sought to prevent).

24. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls further interrupted the Plaintiffs day and wasted the Plaintiffs time spent answering and otherwise addressing these repeated phone calls.

25. Defendant's communication efforts attempted and/or directed towards the Plaintiffs violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

26. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## <u>COUNT I – VIOLATIONS OF THE TCPA</u>

27. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

29. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

30. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## COUNT II – VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA") §559.72(7)

31. Claimant repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

32. The FCCPA §559.72(7) states:

"In collecting debts, no person shall . . . .

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

33. The Respondent has on many occasions called Claimant by telephone directly, multiple times a day, attempting to collect an alleged debt. By virtue of having to handle debt collection calls to Claimant's cellular phone multiple times a day, Claimant has been harassed and these calls have caused unnecessary strain, burden, and emotional distress upon Claimant and Claimant's family.

34. Respondent's actions of calling Claimant continuously and regularly day after day, reasonably can be expected to have the natural consequences of harassing Claimant which was the intent of the Respondent in order to elicit payment from Claimant for the Debt.

35. Respondent, through its agents, representative and/or employees acting within the scope of their authority knowingly violated the FCCPA.

36. As a result of the above violations, Claimant is entitled to recovery for actual damage, statutory damage of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

## DEMAND FOR TRIAL BY JURY

37. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendants as follows:

A.  For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all phone calls placed to the Plaintiff's cellular phone;

B.    Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiffs per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: February 7, 2019

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD P.A.**

/s/ *Aaron M. Swift*
**Aaron M. Swift, Esq., FBN: 0093088**
Jordan T. Isringhaus, Esq., FBN: 0091487
10460 Roosevelt Blvd. N., Suite 313
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
*Counsel for Plaintiffs*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 7, 2019

Respectfully submitted,

By:    /s/ *Aaron M. Swift*
       Aaron M. Swift, Esq.